IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIM A. MORTENSON,

        Plaintiff,

        v.

BEND-LA PINE SCHOOL DISTRICT,

        Defendant.

Civ. No. 6:14-cv-01056-MC

OPINION AND ORDER

_____

**MCSHANE, Judge**:

    Between 2011 and 2014, plaintiff worked for defendant as a Media Studies Teacher at Cascade Middle School. In April 2014, plaintiff provided defendant with a tort notice alleging, among other violations, that defendant denied her minimum wage for her attendance at mandatory bimonthly staff meetings under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. In May 2014, plaintiff was reassigned to La Pine High School as a Librarian for the 2014/2015 school year, beginning August 26, 2014. On August 26, 2014, plaintiff was directed to undergo a psychiatric fitness for duty examination prior to returning to work. Plaintiff subsequently refused to undergo an examination with Eric Goranson, M.D., on September 9, 2014, and January 12, 2015, largely because of her concerns with the directive itself, Dr. Goranson's reputation, and the inconvenience of traveling to Lake Oswego. Although plaintiff offered to undergo a similar examination with an alternative provider, defendant determined that plaintiff's refusal was unjustified and placed her on administrative leave because of noncompliance.

1 – OPINION AND ORDER

This Court is asked to consider: (1) whether defendant violated plaintiff's right to a minimum wage under 29 U.S.C. § 206; and (2) whether defendant retaliated against plaintiff under 29 U.S.C. § 215(a)(3). Because plaintiff "plainly and unmistakably" qualifies as an "employee employed in a bona fide professional capacity" under 29 U.S.C. § 213(a)(1) and 29 C.F.R. § 541.303, this Court finds that she is exempt from FLSA's minimum wage requirements. Because the existing record supports conflicting material conclusions related to the motivation behind defendant's actions toward plaintiff, this Court finds that it cannot determine whether defendant violated 29 U.S.C. § 215(a)(3). Thus, defendant's motion for summary judgment, ECF No. 38, is GRANTED IN PART and DENIED IN PART.

## PROCEDURAL AND FACTUAL BACKGROUND

This action arises out of alleged unpaid minimum wage and retaliatory action. Plaintiff began working for defendant as a .60 FTE (later increased to .80 FTE) "Librarian and Media Center Specialist" at Jewell Elementary on August 30, 2004, and continued in that position until the end of the 2007/2008 school year. *See* Decl. of Jay Mathisen 1–3, ECF No. 39-1.

On April 2, 2008, plaintiff received notice that she had been reassigned from a .80 FTE Certified Media Specialist to a .50 FTE Kindergarten teacher. *Id.* at 3. Plaintiff worked as a Kindergarten teacher during the 2008/2009 and 2009/2010 school years. *Id.*

On June 17, 2010, plaintiff received notice that she had been reassigned to Cascade Middle School as a .50 FTE Librarian. *Id.* at 5. Plaintiff worked as a Librarian during the 2010/2011 school year. In May 2011, Amy Wilde, who also worked in the Library, directed plaintiff to inventory a large number of Cascade Middle School's textbooks, which resulted in a permanent injury to plaintiff's left thumb joint. *See id.* at 29; Decl. of Kim Mortenson 4, 6, 10, ECF No. 41-1; Pl.'s Resp. Proposed Findings of Fact 2, 4, 7, ECF No. 43.

2 – OPINION AND ORDER

On August 11, 2011, plaintiff received notice that she had been reassigned as a .50 FTE Media Studies Teacher. *See* Decl. of Jay Mathisen 7, ECF No. 39-1. Plaintiff worked as a Media Studies Teacher until the end of the 2013/2014 school year. *See id.* at 8. During that time she consistently received positive performance evaluations. *See* Exs. of Decl. of Kim Mortenson 2–7, ECF No. 41-2.

On April 11, 2014, plaintiff provided notice of her claims to defendant under ORS § 30.275. *See* Decl. of Kim Mortenson 10, ECF No. 41-1.

On May 12, 2014, plaintiff received notice that she had been reassigned to La Pine High School as a .50 FTE Librarian for the 2014/2015 school year. *See* Decl. of Jay Mathisen 8, ECF No. 39-1.

Sometime during the middle of May 2014, Stephanie Bennett, Cascade Middle School Principal, advised Jay Mathisen, Assistant Superintendent Bend-La Pine School District, that two of plaintiff's coworkers were concerned with plaintiff's workplace behavior. *See* Supplemental Decl. of Jay Mathisen 3, ECF No. 3, ECF No. 52. Mr. Mathisen subsequently communicated with both Leah Devine and Amy Wilde. *See id.*; *see also* Exs. of Decl. of Kim Mortenson 58, ECF No. 41-2; Supplemental Decl. of Jay Mathisen 1–7, ECF No. 52-1. Ms. Devine, who was a teacher at Cascade Middle School, shared a classroom with plaintiff during the 2013/2014 school year. *See* Supplemental Decl. of Jay Mathisen 1, ECF No. 52-1; *see also* Decl. of Jay Mathisen 14, ECF No. 39-1. Ms. Devine informed Mr. Mathisen that plaintiff: inquired "abrasively" and "bluntly" numerous times about missing and moved items in their shared classrooms; placed signs directing others to not touch her desk; and refused to use a school-wide system to track her computer. *See* Supplemental Decl. of Jay Mathisen 1–4, ECF No. 52-1; *see also* Decl. of Jay Mathisen 14–15, ECF No. 39-1. Ms. Wilde, who had worked with plaintiff during the 2010/2011

3 – OPINION AND ORDER

school year at Cascade Middle School, reported that plaintiff had removed a picture of the school principal from a calendar, had gotten angry when denied access to an iPod during the summer, and more generally, had something "not right" with her. *See* Supplemental Decl. of Jay Mathisen 7, ECF No. 52-1; *see also* Decl. of Jay Mathisen 15, ECF No. 39-1.

On May 28, 2014, plaintiff filed an action in state court, asserting violations of ORS § 342.135, ORS § 659A.203, FLSA, ORS § 653.060, ORS § 342.850, and negligence. *See* Notice of Removal Ex. A Pt. 1 2–10, ECF No. 1-1; Notice of Removal Ex. A Pt. 2 1–10, ECF No. 1-2.

On June 4, 2014, Mr. Mathisen notified plaintiff in an email that he had "received multiple complaints regarding [her] behavior and actions as a staff member." Supplemental Decl. of Jay Mathisen 9, ECF No. 52-1. Mr. Mathisen also directed plaintiff to attend a meeting in his office on June 6, 2014. *Id.*

On June 9, 2014, plaintiff emailed Mr. Mathisen and asked for the complaints and the names of the complainants. *Id.* In a series of subsequent emails also sent that day, Mr. Mathisen instructed plaintiff to attend a meeting in his office on June 12, 2014, and arrange for a substitute teacher to cover her classes. *Id.* at 8–9. Plaintiff apologized and informed Mr. Mathisen that she was "not available at that time." *Id.* at 8.

On July 1, 2014, defendant removed plaintiff's action to federal court. *See* Notice of Removal 3, ECF No. 1.

Between August 6, 2014, and August 19, 2014, defendant solicited applications for a temporary .50 FTE Certified Librarian position at La Pine High School. *See* Exs. of Decl. of Kim Mortenson 27, ECF No. 41-2; *see also* Exs. of Decl. of Kim Mortenson 25–26, ECF No. 41-2 (In a letter dated August 12, 2014, plaintiff was not listed as a "new face" being welcomed in a summer greetings letter sent to staff by Matt Montgomery, La Pine High School Principal.).

4 – OPINION AND ORDER

On August 22, 2014, plaintiff emailed Mr. Montgomery to ask for her work schedule. *Id.*
at 54. Mr. Montgomery provided plaintiff with her schedule. *Id.*; *see also id.* at 61–62. Also on
that date, Mr. Mathisen sent a congratulations letter to plaintiff at Cascade Middle School. *See
id.* at 28.

On August 26, 2014, plaintiff reported for her first day of work. *See* Decl. of Kim
Mortenson 4, 6, ECF No. 41-1; *see also* Exs. of Decl. of Kim Mortenson 61–62, ECF No. 41-2.
Plaintiff met with Mr. Mathisen and Greg Colvin[1] and was directed to undergo a psychiatric
fitness for duty examination prior to returning to work. *See* Decl. of Kim Mortenson 4, ECF No.
41-1. Mr. Mathisen informed plaintiff that this directive was based on "multiple complaints"
from coworkers. *See id.* Mr. Mathisen declined to disclose the complaints and the names of the
complainants. *Id.* Plaintiff was placed on paid administrative leave pending her successful
completion of the psychiatric fitness for duty examination. Decl. of Jay Mathisen 4, ECF No. 39.

On September 4, 2014, plaintiff filed an amended complaint asserting retaliation under
ORS § 659A.040, ORS § 659A.203, ORS § 659A.230, and 29 U.S.C. § 215(a)(3), unpaid
minimum wage under 29 U.S.C. § 206, defamation, and negligence. *See* Pl.'s Am. Compl. 22–
28, ECF No. 12.

On September 5, 2014, defendant notified plaintiff's attorneys John Bishop and Noah
Barish that she needed to meet with Eric Goranson, M.D., on September 9, 2014, to undergo a
psychiatric fitness for duty examination. *See* Decl. of Jay Mathisen 10, ECF No. 39-1. Mr.
Bishop requested additional information, including the right to review any complaints filed
against plaintiff. *Id.* Defendant's attorney, Lauren Lester, declined to provide any specific
complaints, but explained:

---

[1] Mr. Colvin was an attorney for Bend La-Pine School District. *See* Decl. of Jay Mathisen 15, ECF No. 39-1.

5 – OPINION AND ORDER

> The District has ordered the exam based on reports made to District
> administration by District staff regarding paranoid, agitated, and
> antagonistic behaviors exhibited by Ms. Mortenson in their presence, and
> based on multiple instances in which Ms. Mortenson has failed to follow a
> District directive. Taken together, these reports and instances have caused
> the District to question whether Ms. Mortenson is able to perform her job
> functions.

*Id.* at 9.

On September 8, 2014, Mr. Bishop notified defendant that plaintiff refused to undergo an

examination with Dr. Goranson because of her concerns with the directive itself, Dr. Goranson's

reputation, and the inconvenience[2] of traveling to Lake Oswego for an evaluation. *Id.* at 12–13.

Mr. Bishop also notified defendant that plaintiff would undergo an evaluation with one of six

alternative physicians in the Bend area. *Id.* at 12. Defendant, in response, noted that it was

authorized to select a physician under GBCC-AR, and that plaintiff could submit her own report

if she chose. *Id.* at 11–12.

On October 1, 2014, Mr. Mathisen provided plaintiff with the complaints asserted against

her and the names of the complainants, Leah Devine and Amy Wilde. *See* Decl. of Kim

Mortenson 3–4, ECF No. 41-1; *see also* Decl. of Jay Mathisen 14, 16, ECF No. 39-1.

In letters dated October 6, 2014, plaintiff directed both complainants to "cease and desist

all defamation of my character and reputation." Exs. of Decl. of Kim Mortenson 52–53, ECF No.

41-2.

On October 20, 2014, this Court declined to exercise supplemental jurisdiction over

plaintiff's state law claims, which were remanded to Deschutes County Circuit Court. Minute

Order, Oct. 20, 2014, ECF No. 16.

---

[2] Lake Oswego, Oregon, is approximately 170 miles from Bend, Oregon. This Court takes "judicial notice of a Google map and satellite image as a 'source[] whose accuracy cannot reasonably be questioned' at least for the purpose of determining the general" distance between Lake Oswego, Oregon, and Bend, Oregon. *See United States v. Perea-Rey,* 680 F.3d 1179, 1182 n.1 (9th Cir. 2012) (citations omitted).

Between October 22, 2014, and November 3, 2014, defendant contacted the six alternative physicians identified in the Bend area to determine whether they would administer a psychiatric fitness for duty examination. *See* Supplemental Decl. of Jay Mathisen 10–11, ECF No. 52-1.

On December 19, 2014, Mr. Mathisen directed plaintiff to meet with Dr. Goranson on January 12, 2015, to undergo a psychiatric fitness for duty examination. Decl. of Jay Mathisen 26, ECF No. 39-1.

On January 9, 2015, Mr. Barish notified defendant that plaintiff again refused to undergo an examination with Dr. Goranson because of her continued concerns with the directive itself, Dr. Goranson's reputation, and the inconvenience of traveling to Lake Oswego for an evaluation. *See id.* at 20–21. Mr. Barish also noted that plaintiff was frustrated that the district was unwilling to respond to her offer of alternative evaluation. *Id.* at 20.

On February 9, 2015, plaintiff met with Mr. Mathisen to discuss her refusal to attend the psychiatric fitness for duty examination. *Id.* at 26. Plaintiff's proffered reasons were determined to be unacceptable. *Id.*

On February 13, 2015, plaintiff was placed on unpaid administrative leave. *See* Pl.'s Supplemental Exs. 28, ECF No. 44.

## STANDARD OF REVIEW

This Court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The

7 – OPINION AND ORDER

court reviews evidence and draws inferences in the light most favorable to the non-moving party.

*Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v.*

*Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-

moving party must present "specific facts showing that there is a *genuine issue for trial*."

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed.

R. Civ. P. 56(e)) (emphasis in original).

## DISCUSSION

Plaintiff contends that: (1) defendant violated her right to a minimum wage under 29

U.S.C. § 206; and (2) defendant retaliated against her under 29 U.S.C. § 215(a)(3) because she

filed the complaint before this Court. Defendant moves for summary judgment as to both claims.

## I. 29 U.S.C. § 206 (Minimum Wage)

FLSA mandates that employers pay at least the federal minimum wage to each

"employee[] who in any workweek is . . . employed in an enterprise engaged in commerce." 29

U.S.C. § 206(a); *see also* 29 U.S.C. § 203(r)(2) (interpreting "enterprise" to include "activities

performed . . . in connection with the operation of . . . [an] elementary or secondary school").

This minimum wage requirement includes an exemption provision, which provides in relevant

part:

> The provisions of section 206 . . . of this title shall not apply with respect
> to–
>
> (1) any employee employed in a bona fide executive, administrative,
> or *professional capacity* (including any employee employed in the
> capacity of academic administrative personnel or *teacher in*
> *elementary or secondary schools*), or in the capacity of outside
> salesman (as such terms are defined and delimited from time to time
> by regulations of the Secretary, subject to the provisions of subchapter
> II of chapter 5 of Title 5 . . . .

8 – OPINION AND ORDER

29 U.S.C. § 213(a)(1) (emphasis added). The Secretary of Labor, who is granted broad authority to define and delimit the scope of this exemption,[3] further defines the term "employee employed in a bona fide professional capacity" in 29 C.F.R. § 541.303. That regulation provides in relevant part:

> (a) The term "employee employed in a bona fide professional capacity" in section 13(a)(1) of the Act also means any employee with a primary duty of teaching, tutoring, instructing or lecturing in the activity of imparting knowledge and who is employed and engaged in this activity as a teacher in an educational establishment by which the employee is employed. The term "educational establishment" is defined in § 541.204(b).[4]
>
> (b) Exempt teachers include, but are not limited to: Regular academic teachers; teachers of kindergarten or nursery school pupils; teachers of gifted or disabled children; teachers of skilled and semi-skilled trades and occupations; teachers engaged in automobile driving instruction; aircraft flight instructors; home economics teachers; and vocal or instrumental music instructors. Those faculty members who are engaged as teachers but also spend a considerable amount of their time in extracurricular activities such as coaching athletic teams or acting as moderators or advisors in such areas as drama, speech, debate or journalism are engaged in teaching. Such activities are a recognized part of the schools' responsibility in contributing to the educational development of the student.
>
> (c) The possession of an elementary or secondary teacher's certificate provides a clear means of identifying the individuals contemplated as being within the scope of the exemption for teaching professionals. Teachers who possess a teaching certificate qualify for the exemption regardless of the terminology (e.g., permanent, conditional, standard, provisional, temporary, emergency, or unlimited) used by the State to refer to different kinds of certificates. . . . [A] teacher who is not certified may be considered for exemption, provided that such individual is employed as a teacher by the employing school or school system.

29 C.F.R. § 541.303(a)–(c).

---

[3] *See Auer v. Robbins*, 519 U.S. 452, 456 (1997) ("FLSA grants the Secretary broad authority to "defin[e] and delimi[t] the scope of the exemption for executive, administrative, and professional employees." (citation omitted)).
[4] "The term 'educational establishment' means an elementary or secondary school system . . . . Under the laws of most States, such education includes the curriculums in grades 1 through 12 . . . ." 29 C.F.R. § 541.201(b).

Plaintiff, who is a licensed teacher,[5] worked at Cascade Middle School as a .50 FTE

Media Studies Teacher from August 11, 2011, until June 2014. *See* Decl. of Kim Mortenson 2,

ECF No. 41-1 ("From 2011 to 2014, I taught Media Studies, a computer applications and

Information Literacy class. I did an excellent job in this teaching position for three years . . . .");

Decl. of Jay Mathisen 7–8, ECF No. 39-1. As a result, plaintiff "plainly and unmistakably" fits

within the exemption term "employee employed in a bona fide professional capacity" as defined

above and is not entitled to compensation under FLSA for her attendance during bimonthly staff

meetings between September 2011 and March 2014. *See Klem v. Cnty. of Santa Clara*, 208 F.3d

1085, 1089 (9th Cir. 2000) ("FLSA exemptions are to be narrowly construed against . . .

employers and are to be withheld except as to persons plainly and unmistakably within their

terms and spirit." (citations and internal quotation marks omitted)).

## II. 29 U.S.C. § 215(a)(3) (Retaliation)

FLSA also prohibits an employer from "discharg[ing] or in any other manner

discriminat[ing] against any employee because such employee has filed any complaint . . . under

or related to this chapter . . . ." 29 U.S.C. § 215(a)(3). To establish a prima facie case under 29

U.S.C. § 215(a)(3), plaintiff must show that: (1) she engaged in statutorily protected conduct; (2)

she suffered adverse employment action; and (3) there was a causal link between her statutorily

protected conduct and the adverse employment action. *See Rocksmore v. Hanson*, No. 3:14-cv-

01114-MO, 2015 WL 852938, at *8 (D. Or. Feb. 24, 2015) (citation omitted); *DiNicola v. Serv.*

*Emps. Int'l Union, Local 503*, Civil No. 08-6317-HO, 2011 WL 3477074, at *4 (D. Or. Aug. 5,

2011) (citation omitted). If plaintiff meets her initial prima facie burden, "[t]he burden then must

---

[5] *See* Oregon Teacher Standards & Practices Comm'n, *TSPC License Information: Kim Amanda Mortenson*, *available at* http://www.tspc.oregon.gov/lookup_application/LDisplay.asp (last visited Oct. 16, 2015).

shift to the employer to articulate some legitimate, nondiscriminatory reason for the [adverse employment action]." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also DiNicola*, 2011 WL 3477074, at \*4 (applying *McDonnell Douglas* framework to retaliation claim asserted under FLSA). If defendant meets this burden, the burden then returns to plaintiff to show that the alleged legitimate, nondiscriminatory reason for the adverse employment action is merely a pretext for discrimination. *See McDonnell Douglas*, 411 U.S. at 804.

Because defendant does not dispute that plaintiff's complaint filed in state court on May 28, 2014, satisfies her prima facie burden under the first element, this Court focuses on whether plaintiff met her prima facie burden under the second and third elements.[6]

As to the second element, "plaintiff must show that a reasonable employee would have found the challenged action materially adverse," i.e., the action may have "dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (citation and internal quotation marks omitted). Plaintiff asserts multiple alleged adverse employment actions: (1) reassignment in 2008 at Jewell Elementary School from a Certified Media Specialist to a Kindergarten Teacher; (2) reassignment in 2010 from Jewell Elementary School to Cascade Middle School, including a change in title from Kindergarten Teacher to Librarian; (3) reassignment in 2014 from Cascade Middle School to La Pine High School, including a change in title from Media Studies Teacher to Librarian; (4) directive issued on August 26, 2014, to take a psychiatric fitness for duty

---

[6] Plaintiff also alleged in her response to summary judgment that she inquired "at least twice with the Bureau of Labor and Industry. She was told each time that it was unlawful for [an] employer to require her to work beyond her normal four hours without pay while her colleagues were not required to do so." Pl.'s Resp. Summ. J. 4, ECF No. 41. This Court declines to consider these allegations because they are conclusory and not supported in the record. *See Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003) (noting that a plaintiff "cannot defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements" (citations omitted)).

11 – OPINION AND ORDER

examination; (5) placement on paid administrative leave on August 26, 2014; and (6) placement

on unpaid administrative leave on February 13, 2015. *See* Pl.'s Resp. Mot. Summ. J. 2, 4, ECF

No. 41; Pl.'s Resp. Proposed Findings of Fact 3–4, 6–8. ECF No. 43.[7]

     Plaintiff's first two alleged adverse employment actions are barred by the statute of

limitations. *See* 29 U.S.C. § 255(a). Plaintiff's third alleged adverse employment action—

reassignment in 2014 from Cascade Middle School to La Pine High School—clearly could have

dissuaded a reasonable worker from engaging in statutorily protected conduct. For example,

plaintiff's transfer resulted in an increased commute and changed responsibilities. *See* Pl.'s Resp.

Mot. Summ. J. 2, ECF No. 41 (noting that La Pine, Oregon, is 35 minutes from Bend, Oregon);

Pl.'s Resp. Proposed Findings of Fact 8, ECF No. 43 ("[I]t was a non-teaching position which

would have required the daily handling of heavy books.").[8] Plaintiff's fourth, fifth, and six

alleged adverse employment actions are too intertwined to be considered independently. Plaintiff

was placed on paid and later unpaid administrative leave because she refused to undergo a

psychiatric fitness for duty examination with Eric Goranson, M.D., on September 9, 2014, and

January 12, 2015. *See* Decl. of Jay Mathisen 19–21, ECF No. 39-1; Pl.'s Supplemental Exs. 19–

20, ECF No. 44; *see also* Def.'s Mot. Summ. J. 12, ECF No. 38 ("Upon successfully completion

of that fitness for duty exam, the District is fully prepared to assign Mortenson to a position at

the District with her previous pay and the same benefits."). These actions, at least to the extent

they are considered together, are sufficiently adverse. *Cf. Dahlia v. Rodriguez*, 735 F.3d 1060,

---

[7] Plaintiff's filings include additional allegations of adverse employment action that are conclusory and unsupported in the record. *See Hernandez*, 343 F.3d at 1112.

[8] This Court notes that plaintiff injured her left thumb joint inventorying textbooks in early 2011, resulting in a permanent disability in her left thumb joint. *See* Decl. of Jay Mathisen 29, ECF No. 39-1; Decl. of Kim Mortenson 4, 6, 10, ECF No. 41-1; Pl.'s Resp. Proposed Findings of Fact 2, 4, 7, ECF No. 43. Thus, plaintiff's intended transfer likely posed additional hardship.

12 – OPINION AND ORDER

1078–79 (9th Cir. 2013) (concluding that placement on paid administrative leave can constitute an adverse employment action)

As to the third element, plaintiff may demonstrate causation by showing that retaliation was a substantial or motivating factor for defendant's adverse employment actions. *See Carrillo v. Schneider Logistics, Inc.*, No. CV 11-8557 CAS (DTBx), 2012 WL 556309, at *5 (C.D. Cal. Jan. 31, 2012). Such causation can also be inferred from timing alone when there is close proximity between the protected activity and the adverse employment action. *See Thomas v. City of Beaverton*, 379 F.3d 802, 812 (9th Cir. 2004) (citation omitted*); see also Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 1003 (9th Cir. 2009) (cautioning against "analyzing temporal proximity without regard to its factual setting" (citation and internal quotation marks omitted)). Plaintiff was notified in a letter dated May 12, 2014, that she would be reassigned during the 2014/2015 school year. *See* Decl. of Jay Mathisen 19, ECF No. 39-1. This reassignment occurred after plaintiff provided notice of her claims to defendant on April 11, 2014. *See* Decl. of Kim Mortenson 10, ECF No. 41-1. This close temporal proximity is sufficient to demonstrate causation. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) ("[C]ausation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity."). Plaintiff was also notified on August 26, 2014, that she had to undergo a psychiatric fitness for duty examination on September 9, 2014. *See* Decl. of Jay Mathisen 4, ECF No. 39. This notification, which occurred less than three months after plaintiff filed her complaint in state court and stemmed from complaints solicited by Mr. Mathisen in late May 2014, is sufficient to demonstrate causation. *See Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) (finding that a plaintiff satisfied his prima facie burden where an adverse employment action was taken "less than three months after he" engaged in protected conduct).

13 – OPINION AND ORDER

Because plaintiff met her initial burden discussed above, the burden then shifts to defendant to articulate some legitimate, nondiscriminatory reason for the adverse employment action. *See McDonnell Douglas*, 411 U.S. at 802.

Defendant argues that its actions were taken pursuant to legitimate, nondiscriminatory reasons. For example, defendant contends that plaintiff was transferred to La Pine High School because of staffing vacancies, student enrollment, and student preferences. *See* Def.'s Mot. Summ. J. 13, ECF No. 38. Defendant also contends that its fitness evaluation directive was legitimate in light of complaints submitted by Ms. Devine and Ms. Wilde. *See id.* Even assuming that these reasons satisfy defendant's burden under *McDonnell Douglas*, this Court is reluctant to rule as a matter of law on such a contested record that plaintiff failed to establish a triable issue of fact as to pretext.

Accordingly, this Court DENIES summary judgment on plaintiff's claim under 29 U.S.C. § 215(a)(3) and finds that the better course would be to proceed to a full trial because a fuller record will afford a more substantial basis for decision. *See Anderson*, 477 U.S. at 255 ("Neither do we suggest that . . . the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial." (citation omitted)).

## CONCLUSION

For these reasons, defendant's motion for summary judgment, ECF No. 38, is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

14 – OPINION AND ORDER

DATED this _16_ day of ___Oct___, 20_15_.


_____
**Michael J. McShane**
**United States District Judge**

15 – OPINION AND ORDER